UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IRVIN VAN BUREN,

    Petitioner,

vs.

CHERYL K. PLILER, Warden,

    Respondent.

No. C 00-0998 PJH (PR)

**ORDER DENYING PETITIONER'S MOTIONS FOR EXTENSION OF TIME, FOR APPOINTMENT OF COUNSEL, AND TO RECONSIDER**

    This is a habeas case brought pro se by a state prisoner. On March 16, 2001, the court granted respondent's motion to dismiss on grounds the petition was barred by the statute of limitations. Petitioner filed a notice of appeal. The court denied a certificate of appealability and the United States Court of Appeals for the Ninth Circuit subsequently did so as well.

    Petitioner then filed a motion for authorization to file a second petition both in this court, where the motion carried the docket number for this case, and the Ninth Circuit Court of Appeals. Because such motions are properly filed in the Court of Appeals, not this court, *see* 28 U.S.C. § 2254(b)(3) (petitioners may not file second habeas petition in district court without order from a court of appeals allowing him or her to do so), the motion was denied here. The court of appeals appointed counsel, and after full briefing, denied permission to file a second or successive petition on January 15, 2004. The case file was returned to this court from the court of appeal shortly before entry of that court's opinion and the clerk of this court subsequently dispatched it to the Federal Records Center.

    On July 21, 2004, petitioner filed two motions here, a motion to set aside the judgment under Rule 60(b) of the Federal Rules of Civil Procedure, and a motion for

appointment of counsel. They could not be located, so on March 17, 2005, the court denied them with the suggestion that petitioner refile them if he still wished to pursue them. Petitioner has filed a new motion for appointment of counsel, a new Rule 60(b) motion, and a motion for an extension of time to file it.

## DISCUSSION

### I.     Motion for Appointment of Counsel

Petitioner moves for appointment of counsel.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

Petitioner has presented his claims adequately, and at this stage of the case they are not particularly complex. The interests of justice do not require appointment of counsel.

### II.    Motion for Extension of Time

Petitioner moves for an extension of time to file his Rule 60(b) motion. The court cannot extend the time to file such a motion. *See* Fed. R.Civ.P. 6(b). The motion will be denied.

### III.   Rule 60(b) Motion

Rule 60(b) of the Federal Rules of Civil Procedure lists six grounds for relief from a judgment. Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered. Fed. R. Civ. P. 60(b). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Even if the motion were treated as filed on July 21, 2004, when the lost motion was

filed, that still would not be within a year of entry of judgment, which was on March 16, 2001, so only grounds four, five and six of those quoted above could be applicable. It is obvious that neither grounds four nor five apply, as petitioner is simply contending that his petition should not have been dismissed on statute of limitations grounds. That leaves the "catch-all" section, six.

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *Samish Indian Tribe v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotations omitted).

Petitioner's argument is that lockdowns and difficult conditions at the prison prevented him from filing his petition on time. He does not, however, provide any reason for not making the present arguments – including the Suspension Clause argument – in opposition to the motion to dismiss, much less show "extraordinary circumstances," and so has failed to establish grounds for setting aside the judgment under Rule 60(b)(6). The motion will be denied.

## CONCLUSION

Petitioner's motion for an extension of time to file his Rule 60(b) motion (document number 40), his motion for appointment of counsel (document 42), and his Rule 60(b) motion (document number 43) are **DENIED**.

IT IS SO ORDERED.

Dated: August 22, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.00\VANBU998.REC2.wpd

3